### 118

Sarah E. Kelly
vs.
Rhode Island Company

No. 41045

March 18, 1918

SWEENEY, J. Heard on defendant's motion for a new trial.

This is an action of the case for negligence, brought for the benefit of the plaintiff, as widow of John Kelly, and their four minor children, to recover damages for his death, which was caused by being run over by a trolley car operated by the defendant's motorman in Bristol, Rhode Island, on "Saturday night, June 16, 1917.

The declaration contains four counts, charging negligence in the operation of the car; failure to ring a gong or to give any warning, etc., operating at a dangerous and excessive rate of speed, and negligently running its car upon the body of said Kelly while he was upon the track of the defendant company and in plain view of its motorman.

After a five days' trial of the case, the jury returned a verdict for the plaintiff and assessed damages in the sum of $5000.

Defendant duly filed a motion for a new trial, assigning as grounds therefor that the verdict is against the law and the evidence and weight thereof, and that the damages awarded are excessive, and also newly discovered evidence.

A view of the scene of the accident was taken by the Court and the jury, and it appeared on the view and by the testimony that the defendant has a single track extending along Thames Street. The testimony proved that on the Saturday night in question, about 10:30 o'clock, the defendant's trolley car was leaving the Village of Bristol and had passed the freight station on Thames Street

### 119

bound northly for Warren, and that the first wheel on the front truck of the trolley car ran over Kelly while he was lying across the track. The car stopped before the second wheel on the front truck ran over the body and upon almost immediate investigation, the body was found cut in two in the middle and lying between the first and second wheels of the front truck. Kelly's home was in Fall River and about 8:30 o'clock P. M. he was seen walking along Thames Street in a northerly direction in company with another man named Loomis. Plaintiff's attorney stated in court that he expected to introduce Loomis as a witness but Loomis was not in court when called for as a witness, and it did not appear what facts he would testify to. No evidence was introduced to show how Kelly happened to be upon the track at the time of the accident. It is, however, evident that he was not there when the trolley car came down from Warren.

The plaintiff claims a right to maintain the action under the doctrine of the last clear chance. The plaintiff introduced as testimony a statement made within a few minutes after the accident by defendant's motorman, Nottage, to Capt. Goff, Chief of Police of Bristol, to the effect that the motorman had just got headway and had turned on the headlight when he saw a man lying face down across the rails about a car length ahead and that he then did everything possible to stop the car by applying the brakes. The plaintiff claims that because the track was straight and nearly level for a long distance between the approaching car and the place where Kelly was lying across the track, that the motorman in the exercise of ordinary care and dili-

gence, with the headlight on his car, should have seen Kelly in time to have stopped the car before running over him. Plaintiff's witness Healy testifies that he was on the trolley car and that it was travelling about 5 miles an hour and it felt as though it hit something, and that he did not feel anything of the brakes being put on. Defendant's motorman, Nottage, testified that he applied the reverse as soon as he saw the person ahead of him and did everything possible to stop the car.

It is very clear that the brakes were applied before the time of the collision, otherwise the second wheel of the front truck would have rolled over the place where the body was as well as the first wheel of the truck. The motorman was not obliged to anticipate finding a man on the trolley track in this place and in such a position.

Each count in the declaration avers that Kelly was in the exercise of due care at that time and place, but there is no evidence to substantiate this claim.

The Court has carefully considered the evidence in the case and in its judgment the verdict of the jury fails

### 120

to adminster substantial justice between the parties and the defendant's motion for a new trial is therefore granted.

For plaintiff: W. R. Champlin and P. M. O'Reilly.

For defendant: A. R. Williams and Clifford Whipple.